Wilson, J.
It is sought by this proceeding to reverse the judgment of the court of common pleas in refusing, on motion, to vacate a decree in favor of the defendant in error in the case of Clinton Keiser v. Jacob Lapp et al., of date the 23rd of July, 1891.
The motion to vacate was for irregularity in obtaining the decree in this, to-wif: The defendant in error, on its own motion, came into the case of Keiser v. Lapp et al., and by way of answer and cross-petition filed a creditor’s bill, seeking to appropriate what Lapp owed Kaiser, to the payment of a judgment which pending the action it had obtained against Keiser. No summons issued upon the cross-petition against Lapp, and he had no actual notice of ths same, He claims that before the filing of the cross-petition,he had paid his debt to Keiser, which fact he seeks to set up by way of answer as a defense to the cross-petition.
The court below found this defense to be true, but held that the plaintiff in error was not entitled, under the code, to be summoned on the cross-petition, he not being a new party, and the matter set out in the cross-petition being in *192 the nature of a counter-claim concerning the subject matter of the action.
O. E. llalterman and F. G. Carpenter, for Jacob Lapp.
J. J. Stoddárd and Lyman Innis,for The H. & M.L. Co,
It seems to us that the position taken by the court below is not tenable, Under section 5161, Revised Statutes, a judgment creditor may subject the choses in action of his debtor to the payment of his judgment “by action.” An action is deemed commenced by filing a petition and issuing a summons thereon. It is not an action until the summons issues. While a party may file a cross-petition to an action already pending and obtain affirmative relief against parties to the suit already summoned, it must be for some interest he had in the subject matter of the suit before he filed his cross-petition. It is that which gives him his status in the cáse with the right to become a party and obtain relief without a new summons to the parties in court. But where a party, as in this case, who has no interest in the subject matter, seeks to obtain one by coming into the case and filing a cross-petition, for the purpose of subjecting his debt- or’s property, in equity, to the payment of his judgment, by procuring an' order of the court compelling the debtor of his debtor to pay the judgment, the party affected by such proceeding is entitled to be served with summons. Such a cross-petitioner is not a necessary party to the original action. He had no interest in the action of which the parties were bound to take notice, or which the court was bound to protect. The parties had no reason to apprehend his intrusion into the case. If to avoid multiplicity of actions he might properly be admitted as a party for the purpose of asserting his claim against the plaintiff, and obtaining an order in equity against the defendant, in all good conscience it should be on notice, and summons should issue on his cross-petition as at the commencement of an action, by which only, he can have the relief sought under the statute.
We find therefore, that the decree against Lapp in the case of Keiser v. Lapp, in favor of the defendant in error, was irregularly obtained, and that the motion to vacate the same was filed in time. The judgment of the court below will be reversed, the motion to vacate sustained, and the cause remanded to the court of common pleas for further proceedings.